UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL FERRER
a/k/a
GARY MICHAEL KING,
                             Plaintiff,

       vs.                                     9:13-CV-0031
                                                       (NAM/ATB)
BRIAN FISCHER, *et al.*,
                              Defendants.
_____

ANGEL FERRER
Plaintiff, pro se

GREGORY J. RODRIGUEZ, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Norman A. Mordue, Senior United States District Judge. In this pro se complaint, plaintiff asserts claims under 42 U.S.C. § 1983, claiming that defendants were deliberately indifferent to his medical needs.[1] (Dkt. No. 1 ("Compl.")). His motion to proceed *in forma pauperis* was granted, and service was ordered on June 20, 2013. (Dkt. No. 8).

Currently before the Court is defendant Fischer's motion pursuant to Rule

---

[1] The complaint also contained allegations against Cold Crib, a "jailhouse catalog," but those claims were dismissed by Judge Mordue's June 20, 2013 Decision and Order. Dkt. No. 8 at 9.

12(b)(6) of the Federal Rules of Civil Procedure ("Rules") to dismiss.[2] (Dkt. No. 19). Plaintiff responded in opposition to this motion.[3] (Dkt. No. 31). For the following reasons the court recommends that the motion be denied.

## DISCUSSION

I.  **Factual Background**

Plaintiff names Nurse Fairchild[4] and Commissioner Fischer as defendants in his medical indifference claim. Plaintiff claims that when he arrived at Upstate Correctional Facility, his split-cast, sling, and ace bandage were "ripped off," "cut off," and he was thrown into his cell. (Compl. at 4). According to plaintiff, Nurse Fairchild has refused to allow him to see a doctor, and has not issued him the proper medication, telling him to "drink water!" (Compl. at 4, 5, 6). He further asserts that despite his repeated sick call requests, he has been left in his cell with a broken hand for over six months. (Compl. at 4, 5).

Plaintiff contends that Commissioner Fischer has failed to answer plaintiff's letters of complaint, or otherwise address his concerns. (Compl. at 4). Plaintiff

---

[2] Defendants have also recently filed a motion to dismiss pursuant to Rule 37 based on plaintiff's refusal to appear for a deposition. (Dkt. No. 35). Plaintiff's response to that motion is due April 28, 2014.

[3] The court notes that in his response, plaintiff asserts that he is "writing [his complaint] in full then" challenging the motion to dismiss. (Dkt. No. 31 at 2). However, he appears to expand on the allegations in the complaint, rather than simply including the complaint as part of his response. If plaintiff wishes to amend his complaint, he must file a motion to amend, with a proposed amended pleading. *See* N.D.N.Y. L.R. 7.1(4).

[4] The complaint refers to Nurse Fairchild as "Nurse Franchise," however, it appears that her correct name is Nurse Fairchild. (*See* Dkt. No. 18, Dkt. No. 31). Nurse Fairchild has filed an answer to plaintiff's complaint. (Dkt. No. 18).

2

alleges that Commissioner Fischer "fully understands" that he is in a great deal of pain, but refuses to address the issue. Plaintiff also claims that defendant Fischer has a custom and policy of ignoring inmates' medical needs.

## II. Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

## III. Personal Involvement

### A. Applicable Law

In order to hold an individual liable for damages in a section 1983 action,

3

plaintiff must allege that the individual was "personally involved" in the constitutional violation of which he complains. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") The Second Circuit has detailed the various ways in which a defendant can be personally involved in a constitutional deprivation. *See Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). A supervisory official is said to have been personally involved if that official directly participated in the infraction. *Id.* at 323. Personal involvement may be shown if, after learning of a violation through a report or appeal, the supervisory official failed to remedy the wrong. *Id.* Personal involvement may exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.* at 323-24; *see also Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, 556 U.S. 662 (2009).

Courts in this circuit have frequently held that the mere receipt of letters from an inmate is insufficient to constitute personal involvement. *See, e.g., Gonzales v. Wright*, No. 9:06-CV-1424 (JMH), 2010 WL 681323, at *10 (N.D.N.Y. Feb. 22, 2010) (citations omitted); *Booker v. Doe*, No. 9:06-CV-73 (GLS/GJD), 2008 WL 4527601, at *7 (N.D.N.Y. Sept. 30, 2008); *Bumpus v. Canfield*, 495 F. Supp. 2d 316,

322 (W.D.N.Y. 2007). However, the Second Circuit has recently cautioned courts against dismissing claims at the 12(b)(6) stage where the complaint contains allegations that an official failed to respond to a letter of complaint. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) ("At the pleading state, even if [plaintiff] had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference–if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means–that the [defendant] in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [plaintiff] complained."); *see also Toliver v. City of New York*, 530 F. App'x 90, 93 (2d Cir. 2013) (describing *Grullon* by stating that "pro se allegations that a prisoner sent a letter to a warden complaining of unconstitutional conditions that were not remedied are sufficient to state a claim for deliberate indifference against the warden").

**B.     Application**

Plaintiff's allegations regarding Commissioner Fischer are limited, but he does allege that he sent multiple letters to defendant Fischer, that defendant Fischer was fully aware of his situation, and that defendant Fischer failed to respond to the letters or otherwise take appropriate action. Defendant Fischer may be able to adduce sufficient evidence through discovery to demonstrate that he was not personally

5

involved in the violations at issue.[5] However, in light of the Second Circuit's recent decision in *Grullon*, I find that at this stage, plaintiff's allegations are sufficient to support defendant Fischer's personal involvement.

The court will, therefore, deny defendant Fischer's motion to dismiss.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 19) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.

---

[5] Indeed, in the context of a medical indifference claim, it is unlikely that a claim against a senior DOCCS administrator, particularly one who has no medical training, would survive a properly-documented summary judgment motion. *See, e.g.*, *Silvagnoli v. Fischer*, 9:07-CV-561 (NAM/ATB), 2010 WL 1063849, at *7-8 (N.D.N.Y. Mar. 1, 2010) (the five or six letters plaintiff sent to DOCCS Commissioner Fischer, one of which elicited a response, are insufficient to establish personal involvement; defendant Fischer has no medical training and delegates decisions regarding inmates' medical care to the medical professionals on his staff) (Rep't-Rec.), *adopted*, 2010 WL 1063840 (N.D.N.Y. Mar. 22, 2010); *Goris v. Breslin*, 402 F. App'x 582, 584 (2d Cir. 2010) (the receipt, by the DOCCS Chief Medical Officer, of two letters of complaint about plaintiff's medical care, which Dr. Wright delegated to subordinates for investigation and response, fail to demonstrate his personal involvement under Section 1983); *Hardy v. Diaz*, 9:08-CV-1352 (GLS/ATB), 2010 WL 1633379, at *7 (N.D.N.Y. Mar. 30, 2010) (a facility superintendent cannot be liable under Section 1983 for failure to supervise the prison medical staff, because he lacks the medical training and authority to do so) (Rep't-Rec.), *adopted*, 2010 WL 1633390 (N.D.N.Y. Apr. 21, 2010); *Inesti v. Hogan*, No. 11 Civ. 2596, 2013 WL 791540, at *26 (S.D.N.Y. Mar. 5, 2013) (plaintiff has failed to establish the personal involvement of the corrections captains as to his mental health treatment; it would be entirely appropriate for these defendants to defer to medical staff as to plaintiff's mental health treatment) (collecting cases) (Rep't-Rec.), *adopted*, 2013 WL 5677046, at *14 (S.D.N.Y. Sept. 30, 2013). *See also Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) (prison superintendent with no medical training who deferred completely to a prison doctor in ruling on a grievance regarding medical care, while perhaps negligent, was not "deliberately indifferent"); *Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2d Cir. 2000) (because they lack the authority to intervene in medical decisions, the failure of non-doctors at a prison to intercede in the medical treatment of an inmate is not unreasonable and supports summary judgment on qualified immunity grounds).

6

Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 9, 2014

**Andrew T. Baxter**
**U.S. Magistrate Judge**