UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL FERRER,
a/k/a GARY MICHAEL KING

           Plaintiff,

  vs.                 9:13-CV-031
                       (NAM/ATB)
BRIAN FISCHER, *et al.*,

           Defendants.
_____

ANGEL FERRER
Plaintiff, pro se

GREGORY J. RODRIGUEZ, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

# REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Norman A. Mordue, Senior United States District Judge. In this pro se complaint, plaintiff asserts claims under 42 U.S.C. § 1983, claiming that defendants were deliberately indifferent to his medical needs.[1] (Dkt. No. 1 ("Compl.")). His motion to proceed *in forma pauperis* was granted, and service was ordered on June 20, 2013. (Dkt. No. 8).

Currently before the Court is defendants' motion pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("Rules") to dismiss the complaint as a sanction for

---

[1] The complaint also contained allegations against Cold Crib, a "jailhouse catalog," but those claims were dismissed by Judge Mordue's June 20, 2013 Decision and Order. Dkt. No. 8 at 9.

plaintiff's failure to attend two scheduled depositions. (Dkt. No. 35). For the following reasons the court recommends that the motion be granted and plaintiff's complaint be dismissed.

**DISCUSSION**

**I.   Background[2]**

Plaintiff's motion to proceed *in forma pauperis* was granted and service was ordered on June 20, 2013. (Dkt. No. 8). I issued a Mandatory Pretrial Discovery and Scheduling Order ("the Scheduling Order") on September 3, 2013. (Dkt. No. 21). The Scheduling Order grants defendants leave to take plaintiff's deposition and explains the proper procedure for doing so. (Dkt. No. 21 at 3-4). It specifically advises plaintiff that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (Dkt. No. 21 at 4).

On December 2, 2013, counsel for defendant mailed plaintiff a Notice of Deposition, setting the deposition for December 19, 2013 at the Office of the Attorney General. (Dkt. No. 35-1 ("Rodriguez Aff."), Ex. A).[3] Plaintiff did not contact counsel for defendants in advance of this scheduled deposition. (*See* Rodriguez Aff., Ex. B at

---

[2] The court has described the factual background in its June 20, 2013 Order and its April 9, 2014 Report-Recommendation. (Dkt. Nos. 8 at 3-4, 36 at 2-3). The court will, therefore, assume the parties' familiarity with the background and will only briefly summarize it here as necessary to address the motion.

[3] Plaintiff was released from prison on October 11, 2013. http://nysdoccslookup.doccs.ny.gov. He sent the court a Notice of Change of Address dated October 16, 2013 in another action pending in this District providing his new address. (Dkt. No. 29).

2

3). However, plaintiff failed to appear at the Office of the Attorney General on December 19, 2013. (Rodriguez Aff., Ex. B). After failing to appear for the scheduled deposition, plaintiff did contact defense counsel by telephone to request that his deposition be conducted on January 2, 2014. (Dkt. No. 39 at ¶ 14). Counsel for defendants was unavailable on that date, and when he tried to reach plaintiff at the telephone number he provided after that time to reschedule, he was unable to reach plaintiff to choose a mutually agreeable date. (*Id.*).

Consequently, counsel for defendants filed a letter request asking the court to direct plaintiff to appear for a deposition. (Dkt. No. 33). The court granted counsel's request and issued a Text Order directing plaintiff to appear for a deposition on a mutually agreed upon date in February. (Dkt. No. 34). The court further clarified that "PLAINTIFF'S FAILURE TO APPEAR FOR AND SUBMIT TO A DEPOSITION AS DIRECTED BY THE COURT MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THE CASE." (Dkt. No. 34). On January 24, 2014, counsel sent plaintiff a letter enclosing the court's Text Order and requesting that plaintiff contact him to choose a date for the deposition. (Rodriguez Aff., Ex. D). When he did not receive a response from plaintiff, counsel for defendants sent a follow-up letter on February 4, 2014, again requesting that plaintiff contact him, and enclosing the court's Text Order and his January 24, 2014 letter. (Rodriguez Aff., Ex. E). According to counsel for defendants, these letters were not returned to the Office of the Attorney General. (Rodriguez Aff. at ¶¶ 17, 18).

On February 11, 2014, counsel sent plaintiff a third letter to attempt to

3

reschedule the December 19, 2013 deposition, both by certified mail and overnight mail,[4] noting that he had not received a response to the prior letters and enclosing a Notice of Deposition, rescheduling the deposition for February 20, 2014. (Rodriguez Aff., Ex. F). Plaintiff failed to appear for this deposition. (Rodriguez Aff., Ex. G).

Defendants subsequently filed this motion to dismiss pursuant to Rule 37. (Dkt. No. 35). Plaintiff did not respond to the motion.

## II. Motion to Dismiss

Rule 37(d) of the Federal Rules of Civil Procedure provides for sanctions, including dismissal, if an individual fails to appear at his own deposition after having received proper notice.[5] Fed. R. Civ. P. 37(d)(1)(A)(i). Subsection (d) cross references subsection (b)(2)(A)(v) which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court. The sanction of dismissal is a harsh remedy, to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic*

---

[4] The letter sent via certified mail was returned to the Office of the Attorney General on March 10, 2014, however, the overnight mail was not returned. (Rodriguez Aff. at ¶¶ 25, 26, & Ex. I). Even if plaintiff moved and did not receive some of the notices mailed to him, his failure to update the court with new contact information would support dismissal of this action. *See Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***.") (emphasis added); NDNY Local Rule Rule 41.2(b) ("Failure to notify the court of a change of address in accordance with LR10.1(c)(2) may result in the dismissal of any pending action.").

[5] Rule 37(d)(3) also provides that "[i]nstead of or in addition to [other] sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."

4

*Institute* 916 F.2d 759, 764 (2d Cir. 1990). A court may consider several factors when deciding whether a case should be dismissed for failure to comply with discovery, including: 1) the willfulness of the non-compliant party or the reason for noncompliance; 2) the duration of the period of non-compliance; 3) whether the non-compliant party had been warned of the consequences of noncompliance; and 4) the efficacy of lesser sanctions." *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Here, as discussed above, plaintiff received the Scheduling Order from the Court which warned him that failure to appear for his deposition could lead to dismissal of his action. Plaintiff nonetheless failed to appear for his scheduled deposition. After failing to respond to counsel for defendants, plaintiff received a Text Order from the court, again warning him that failure to appear for a deposition may result in dismissal of his case. This Order was not returned to the court, indicating that it was likely received. Plaintiff still failed to respond to communications from defense counsel regarding his availability, and then failed to appear when defendants noticed another deposition.

The first deposition was scheduled for December 19, 2013, and counsel for defendants has not been able to reach plaintiff to reschedule since. Plaintiff has not made any other contact with the court since that time. The court therefore finds that he is at fault, his actions are willful, and he has shown bad faith by failing to appear. Plaintiff has been warned multiple times of the potential consequences of his actions.

Given plaintiff's apparent lack of interest in prosecuting his case,[6] and his disregard for this court's orders, the court finds that a sanction other than dismissal would not be effective. Notwithstanding plaintiff's pro se status, he is not absolved from abiding by the federal rules. *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (noting that pro se litigants are required to familiarize themselves with procedural rules and comply with such rules); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")).

For the foregoing reasons, dismissal is the appropriate sanction under Rule 37

---

[6] Though defendants did not make a motion for failure to prosecute, the court notes that it could also recommend dismissal based on plaintiff's disinterest in prosecuting this case. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with the Federal Rules or an order of the court. *See Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of: 1) whether plaintiff's failure caused a delay of considerable duration; 2) whether plaintiff was given notice that further delay would result in dismissal; and 3) whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). In addition to his failure to appear for two depositions, plaintiff did not respond to this motion to dismiss. The court notes that plaintiff's disinterest in prosecuting this case is further supported by his actions in another case that he commenced in this District. *See Ferrer v. Graham*, No. 13-CV-86 (NAM/DEP). In that case, plaintiff also failed to attend multiple noticed depositions, and it was dismissed based on his failure to comply with the court's orders, defendant's deposition notices, and his failure to appear for a telephone conference. *Id.*, Dkt. No. 47, 48. Consideration of these factors would also weigh in favor of dismissal.

and the court recommends dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 35) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: October 7, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge